**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMGAMO BIOSCIENCES, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CARGOLUX AIRLINES<br>INTERNATIONAL, S.A., *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-04-0672 JSW (EMC)<br><br>**ORDER RE SUPPLEMENTAL<br>BRIEFING AND/OR EVIDENCE IN<br>SUPPORT OF PLAINTIFF'S MOTION<br>FOR DEFAULT JUDGMENT<br>(Docket No. 70)** |

　　　　Plaintiff Samgamo Biosciences, Inc. has moved for default judgment with respect to three defendants in the above-referenced case, namely, Intersped Logistics Group, Inc. ("Intersped"); RPG International Freights Ltd. ("RPG"), and Mr. Cargo Ltd. ("Mr. Cargo"). Judge White has referred the motion for default judgment to the undersigned for a report and recommendation.

　　　　Having reviewed Samgamo's brief and accompanying submissions, the Court hereby orders Samgamo to provide additional briefing and/or evidence in support of its motion for default judgment to address the concerns detailed below.

1.　　<u>Entry of Default re RPG</u>

　　　　Samgamo has asked for default judgment with respect to Intersped, RPG, and Mr. Cargo. While it appears that default has been entered with respect to Intersped and Mr. Cargo, *see* Docket Nos. 30, 65 (entries of default with respect to Intersped and Mr. Cargo respectively), the record does not reflect an entry of default with respect to RPG. Samgamo should explain why its motion for default judgment should be granted with respect to RPG if no entry of default has been made.

United States District Court

For the Northern District of California

2. <u>Claims for Relief</u>

In its motion for default judgment, Samgamo does not identify for which causes of action it is seeking default judgment. (The complaint lists five causes of action against the "carrier defendants.") In addition, Samgamo has not provided any explanation as to why it is entitled to default judgment for any of the causes of action. The Court refers Samgamo to the Ninth Circuit opinion *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), which states that the following factors are considered in a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Samgamo should identify for which causes of action it is seeking default judgment and explain why it is entitled to default judgment based on the above factors.

Samgamo should be sure to provide a complete discussion with respect to *Eitel* factors (2) and (3) above. *See Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (noting that the second and third *Eitel* factors "'require that a plaintiff state a claim on which the [plaintiff] may recover'"). The Court notes that, upon entry of default, the factual allegations of the plaintiff's complaint will be taken as true (except for those relating to the amount of damages). *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). However, some of the factual allegations in Samgamo's complaint seem equivocal. For example, Samgamo alleges that defendant Beckman Coulter United Kingdom Ltd. agreed to sell to Samgamo a robot/thermal cycler "*purported* to be in good order and condition," Compl. ¶ 12 (emphasis added). Moreover, legal conclusions, as opposed to well-pleaded factual allegations, are not deemed admitted as a result of default. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *see also* 10A Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 2688 ("Even after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

///

3.   <u>Damages</u>

The Dhurjon-Singh declaration submitted in support of the motion for default judgment claims that Samgamo was insured by Federal Insurance Company ("FIC"); that FIC paid Samgamo $216,574 for the loss of the cargo described in the complaint; and that Samgamo assigned its rights to recovery to FIC. *See* Dhurjon-Singh Decl. ¶¶ 10-12; *see also id.*, Ex. 7 (subrogation receipt) (Samgamo assigning FIC "all of the rights, claims and interest which [Samgamo] may have against any person or corporation liable for the loss mentioned, and authoriz[ing] [FIC] to sue, compromise or settle in [Samgamo's] name"). The declaration goes on to assert that the damages sustained were therefore $216,574 (minus $29,000 paid by the settling defendants). *See id.* ¶ 15.

Although FIC may have paid Samgamo $216,574 under the insurance policy, it is not clear that Samgamo actually suffered $216,574 in damages -- *i.e.*, the Court has doubts about the sufficiency of the evidence regarding damages. Samgamo should explain why the insurance payment is adequate evidence of damages sustained (citing any relevant authority), especially for purposes of a default judgment, and/or provide additional evidence substantiating the damages claimed.

In addition, Samgamo should explain to the Court how damages liability should be allocated among the defendants against whom it seeks default judgment. For instance, should the defendants be held jointly and severally liable? Or should there be a specific allocation of liability among the defendants?

Samgamo should file all of the briefing and evidence required in items (1) through (3) above within thirty days of the filing date of this order. Also, Samgamo shall serve a copy of this order on Intersped, RPG, and Mr. Cargo within three days of the filing date of this order.

IT IS SO ORDERED.

Dated: August 26, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28