UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMGAMO BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARGOLUX AIRLINES INTERNATIONAL, S.A., *et al.*, <br><br> Defendants. | No. C-04-0672 JSW (EMC) <br><br> **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br> **(Docket No. 70)** |

Plaintiff Samgamo Biosciences, Inc. has moved for default judgment with respect to three Defendants in the above-referenced case, namely, Intersped Logistics Group, Inc. ("Intersped"); RPG International Freights Ltd. ("RPG"); and Mr. Cargo Ltd. ("Mr. Cargo"). Judge White has referred the motion for default judgment to the undersigned for a report and recommendation.

Previously, the Court issued an order asking Samgamo to provide supplemental briefing and evidence in light of certain concerns of the Court. Samgamo did so, and, having reviewed that information, the Court hereby orders Samgamo to provide further briefing and/or evidence as described below.

As a preliminary matter, the Court notes that, in its complaint, Samgamo asserted claims against all three Defendants for breach of the duty of common carriage. While Samgamo did not specify in its complaint which common carriage statute was applicable, its supplemental briefing of September 26, 2005, establishes Samgamo's reliance on the Convention for the Unification of Certain Rules Relating to International Carriage by Air ("Warsaw Convention"). *See* 49 U.S.C. §

1  40105.[1]  Under the Warsaw Convention, there is the presumption that any damage or loss occurring during the performance of a contract for international air transportation was the result of an event during transportation by air.  *See id.*, art. 18.

Given that Samgamo is proceeding under the Warsaw Convention and the Convention applies to all three Defendants, the Court has two concerns that Samgamo should address.

1. <u>Preemption of State Law Claims</u>

In its previous supplemental briefing, Samgamo states that it is seeking relief not only pursuant to the Warsaw Convention but also pursuant to state common law -- *i.e.*, negligence and breach of contract.  However, if the Warsaw Convention is applicable, then it would seem that the state common law claims would be preempted.  *See id.*, art. 24 (providing that the Warsaw Convention is the exclusive remedy for claims which its provisions govern).  Samgamo should discuss whether or not there is preemption in the instant case.

2. <u>Damages</u>

Moreover, if the Warsaw Convention is applicable, then the scope of damages that can be awarded is defined by the Convention.  Under Article 22(2),

> [i]n the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires.  In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless he proves that that sum is greater than the actual value to the consignor at delivery.

*Id.*, art. 22(2).  Samgamo should provide briefing and/or evidence to support its claim for damages under the Warsaw Convention, including but not limited to providing a true copy of the air

///
///
///
///

---

[1] The Warsaw Convention was the basis for removal of this case to federal court.

waybill for the transaction at issue and an analysis of its effect on damages  Samgamo will provide all supplemental briefing and/or evidence in this matter by November 14, 2005.

IT IS SO ORDERED.

Dated:  November 4, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge

3